Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8165 | **DATE** | October 25, 2012 |
| **CASE TITLE** | Michael Williams (#K-65461) v. Wexford Health Sources, Inc., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court authorizes and orders Stateville Correctional Center officials to deduct $17.42 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts at Stateville Correctional Center. The Clerk is directed to issue summonses for Defendants Wexford Health Sources, Inc, Dr. Ghosh, Dr. Carter, Marcus Hardy, Daryl Edwards, Dr. Shute, Dr. Schafer, Latanya Williams, and Dr. Obasi, and the U.S. Marshals Service is ordered to serve them. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [For further details see text below.]

Docketing to mail notices.

# STATEMENT

    Plaintiff, presently in state custody at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have violated his rights by subjecting him to deliberate indifference to a serious medical condition. More specifically, Plaintiff alleges that he suffers from multiple conditions and medical issues resulting in pain in his ankle, legs, and back, limiting his mobility. With respect to Defendant Wexford, Plaintiff alleges a policy of cost cutting measures that have resulted in his inability to receive adequate care.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $17.42. The supervisor of inmate trust accounts at Stateville Correctional Center is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Stateville Correctional Center inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against all Defendants (hereinafter,
**(CONTINUED)**

AWL

|STATEMENT|
|---|

"Defendants") for deliberate indifference to a serious medical condition. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006). With respect to Wexford Health Sources, Inc, the Court finds that Plaintiff has sufficiently pled a custom and policy of denying him adequate medical care, stating that the company has established cost-cutting measures, including refusing to refer him to specialists when his condition required it, and terminating a podiatrist at Stateville, when Plaintiff was under his care. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012). While a more fully developed record may belie Plaintiff's claims, all Defendants must respond to the allegations in the complaint.

The Clerk shall issue summons for service of the complaint on Defendants. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections or Wexford Health Sources, Inc. shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). The case at the present time does not involve complex discovery or an evidentiary hearing, and Plaintiff's current pleadings indicate that he has the presence of mind and intellectual capability to continue representing himself at this stage of the proceedings. Accordingly, his motion for the appointment of counsel is denied without prejudice. *See Pruitt v. Mote,* 503 F.3d 647, 656-59. (7th Cir. 2007). Consequently, the Court denies his motion without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.